No. 3123

Second Circuit

---

BROOKS v. BYRD & CLOPTON, ET AL.

---

(December 21, 1927. Opinion and Decree)

---

(*Syllabus by the Court*)

1. Louisiana Digest — Concursus — Par. 3; Courts—Par. 128.
The Court of Appeal is without jurisdiction of a concursus proceeding where the fund to be distributed at the time of the judgment of the District Court exceeded $2,000.00; and this notwithstanding that the claim of the only appellant is for a sum less than $2,000.00. Constitution, Article VII, Section 10. Greater N. O. Homestead Assn. vs. Levy, 11 O. App. 29.

Appeal from the Third Judicial District Court of Louisiana, Parish of Jackson. Hon. S. D. Pearce, Judge.

Action by F. O. Brooks against Byrd & Clopton, et al.

There was judgment for plaintiff and defendant appealed.

Case transferred to Supreme Court.

E. E. Kidd; Moss & Moss, of Winnfield; attorneys for plaintiff, appellee.

R. W. Oglesby, of Winnfield, attorney for defendant, appellant.

STATEMENT OF THE CASE
REYNOLDS, J. Byrd & Clopton, a partnership composed of W. L. Byrd and B. W. Clopton, contracted with the Parish of

Jackson, and the Louisiana Highway Commission to build a public highway in that parish, and the Southern Surety Company became its surety for the faithful performance of the work.

Plaintiff, and various other persons, performed work or furnished material at the instance of the contractor that entered into the construction of the road, their claims aggregating $3,358.10, and they timely registered their claims therefor in the mortgage records of Jackson Parish; and their claims not being paid, plaintiff brought this suit against the contractors, the Parish of Jackson, the Louisiana Highway Commission, the Southern Surety Company and the other claimants to have the validity of the demands of the claimants adjudicated and the claims paid.

The Louisiana Highway Commission answered that it had in its possession the sum of $3,790.23 as the balance of contract price of the work done by Byrd & Clopton, and it was ordered to pay the amount into the registry of the court, and did so, and thereupon both it and the Parish of Jackson were dismissed from the suit.

The various defendants answered, setting forth their claims, that of appellant amounting to $212.50 with 8% per annum interest from January 2, 1926, and 15% on the amount of principal and interest as attorney's fees.

There was a trial and judgment was rendered in favor of some of the claimants for amounts aggregating, exclusive of interest, to $1,822.28, and in favor of the clerk of the District Court for costs in the sum of $40.00, and ordering them paid out of the fund deposited by the Louisiana Highway Commission in the registry of the Court; and judgment was rendered against the Securities Sales Company of Louisiana, Inc., and some other claimants, whose claims aggregated $330.75, exclusive of interest, disallowing their claims. Between the date of the rendition and the date of the signing of the judgment the claims of still other of the creditors were compromised and removed from the suit by agreement of parties. The Securities Sales Company of Louisiana, Inc., appealed.

## OPINION

The sum to be distributed and the aggregate amount of the claims adjudicated by the judgment of the District Court was in excess of $2,000.00. The maximum jurisdiction of this court in such a case does not exceed $2,000.00. Therefore, this court is without jurisdiction of appellant's appeal and the appeal must be transferred to the Supreme Court pursuant to Act No. 19 of 1912.

It is, therefore, ordered that this case be transferred to the Supreme Court and that the clerk of this court transmit the record in the case to the clerk of the District Court of Jackson Parish to the end that it may be made up and deposited in the Supreme Court in accordance with the rules of that court and the law.